

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00400-CR
No. 02-24-00401-CR

———————————————

RYAN SCOTT RALSTON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 90th District Court
Young County, Texas
Trial Court Nos. CR11992, CR12028

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

In 2022, Appellant Ryan Scott Ralston was charged with aggravated assault with a deadly weapon, a second-degree felony, and tampering with a witness, a third-degree felony, in cause numbers CR12028 and CR11992, respectively. *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 36.05(d). In April 2024, Ralston entered into a plea agreement and pleaded guilty to both charges in exchange for 10 years' deferred adjudication community supervision for each charge. At the plea hearing, he was advised that if his community supervision in these two cases were ever revoked, the trial court could order that his resulting prison sentences be served consecutively.

Three months later, the State filed motions to proceed to adjudication, alleging that Ralston had violated several terms of his community supervision in both cases. While Ralston pleaded "not true" to most of the State's allegations, he pleaded "true" to three violations in each case. The trial court found those three and all other allegations true, revoked Ralston's community supervision, adjudicated him guilty, sentenced him to twenty years' imprisonment in CR12028 (aggravated assault) and eight years' imprisonment in CR11992 (witness tampering), and ordered that the sentences run consecutively.

Ralston's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that after having conducted a "diligent and conscientious examination of the appellate records," he was "unable to find any meritorious issue to advance on

appeal and conclude[d] that appeal of these cases would be wholly frivolous." In compliance with *Kelly v. State*, counsel provided Ralston with copies of the brief and motion to withdraw and informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Ralston was given the opportunity to file a pro se response to the *Anders* brief but filed nothing. Likewise, the State did not file a brief, nor was it required to.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record; we have found nothing in the appellate record that arguably might support an appeal; and we agree with counsel that an appeal would be wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 7, 2025